UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI SUN, <br><br>        Plaintiff, <br><br>        v. <br><br> YIQI WU, et al., <br><br>        Defendants. | Case No. 24-cv-02747-VC <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 19, 20 |

      The motions to dismiss are granted with leave to amend. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

      1. As a preliminary matter, the Stock Purchase Agreement and Vesting Agreement can be considered in ruling on Wu's motion. Sun's claims for conversion and for interference with her contractual relationship with Aimerce are both predicated in part on Aimerce's repurchase of Sun's co-founder's shares of the company. So to understand whether Sun has adequately stated these claims, it's essential to understand the scope of Sun's property rights and the nature of that contractual relationship—which in turn requires looking at the agreements. Sun implicitly recognizes this in referencing the Stock Purchase Agreement and her "vested co-founder shares" in her opposition. And both agreements are referenced in Exhibit 5 to the complaint. Therefore, because the agreements are integral to Sun's claims—and because Sun does not contest their authenticity—they can be considered as incorporated into the complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), *superseded by statute on other grounds as recognized by Rueda Vidal v. Bolton*, 822 F. App'x 643, 644–45 (9th Cir. 2020).

      2. Sun's conversion claim fails because, in light of the Vesting Agreement, she has not plausibly alleged that the repurchase of her shares was inconsistent with her property rights. *See*

*Fremont Indemnity Co. v. Fremont General Corp.*, 148 Cal. App. 4th 97, 119 (2007).

      3. Sun's breach of fiduciary duty claim must also be dismissed. Because it involves the internal affairs of Aimerce, a Delaware corporation, Delaware law applies to this claim. *See Gill v. Marsh USA, Inc.*, 2024 WL 3463351, at *2–3 (N.D. Cal. 2024). The claim fails with regard to Sun's termination because, under Delaware law, injuries related to an employment contract and one's "role as an employee" cannot be the basis of a breach of fiduciary duty claim. *Juran v. Bron*, 2000 WL 1521478, at *9 (Del. Ch. Oct. 6, 2000); *see also Riblet Products Corp. v. Nagy*, 683 A.2d 37, 40 (Del. 1996). It fails with regard to Sun's removal from the board because majority shareholders have the power to remove directors and their motivation for doing so is irrelevant. Del. Code Ann. tit. 8 § 141(k); *Insituform of North America, Inc. v. Chandler*, 534 A.2d 257, 267 (Del. Ch. 1987). And it fails with regard to the repurchase of Sun's shares because a shareholder cannot bring a breach of fiduciary duty claim regarding "a dispute relating to the exercise of a *contractual* right," and the repurchase was an exercise of Aimerce's rights under the Vesting Agreement. *Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010); *see also Blaustein v. Lord Baltimore Capital Corp.*, 84 A.3d 954, 958 (Del. 2014).

      4. Sun's claim for intentional interference with contractual relations also fails. A corporation can only act through its agents. Therefore, Sun's claim that Wu— Aimerce's CEO empowered to act on its behalf—interfered with Sun's contractual relationship with Aimerce essentially amounts to a claim that Aimerce interfered with *its own* contractual relationship with Sun. There is no viable intentional interference claim in this situation. *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24–25 (1990).

      5. To the extent it regards the loss of the prospective economic advantage that would have resulted from her continued employment with and co-ownership of Aimerce, Sun's intentional interference with prospective economic advantage claim fails for the same reason. And the complaint includes no well-pled allegation that Sun was deprived of any separate prospective economic advantage. So this claim must also be dismissed.

      6. Sun's statutory employment claims all fail because the complaint states that she lives

in and is a citizen of China—and does not allege that she lived or worked in California during her employment with Aimerce or that she was the victim of discriminatory conduct there. *See* 42 U.S.C. § 2000e-1(a) (Title VII); *Paparella v. Plume Design, Inc.*, 2022 WL 2915706, at *3–5 (N.D. Cal. July 25, 2022) (FEHA); *Oman v. Delta Air Lines*, 9 Cal. 5th 762, 778 (2020) (California Labor Code); *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 761 (2020) (same); *Bernstein v. Virgin America*, 3 F.4th 1127, 1142–44 (9th Cir. 2021) (same). And a wrongful termination against public policy claim cannot be brought where the statute relied upon to support the claim does not apply, so that claim must also be dismissed. *See Stevenson v. Superior Court*, 16 Cal. 4th 880, 904 (1997); *Paparella*, 2022 WL 2915706, at *7. That Sun's employment contract provides that it will be "governed by the laws of the State of California" does not change this—first, because that means only that the *contract* will be governed by California law; and second, because parties "cannot create by contract a cause of action that California law does not provide." *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1064–66 (N.D. Cal. 2014). In addition, although the case law is not definitive on this, it appears that a plaintiff in a Title VII and FEHA case must allege facts from which one could infer that the defendant has enough qualifying employees to be subject to either statute. 42 U.S.C. § 2000e(b); Cal. Gov. Code § 12926(d); *see also Mousa v. Lauda Air Luftfahrt, A.G.*, 258 F. Supp. 2d 1329, 1335–37 (S.D. Fla. 2003); *Eyeghe v. Thierry*, 2014 WL 5242605, at *1 (S.D.N.Y. Oct. 15, 2014). Sun has failed to do that as well.

* * *

Although it is hard to see how Sun can fix the deficiencies in her complaint and state a viable claim, dismissal will be with leave to amend. If no amended complaint is filed within 14 days of this order, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: August 21, 2024

_____
VINCE CHHABRIA
United States District Judge