UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI SUN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YIQI WU, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-02747-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. Nos. 37, 38 |

　　　　The motions to dismiss are granted and the case is dismissed with prejudice. This order assumes the readers' familiarity with the facts, governing legal standards, and arguments made by the parties. As in the order on the earlier motions to dismiss, the Stock Purchase Agreement and Vesting Agreement can be considered as incorporated into the complaint.

　　　　Sun's unjust enrichment claim against Aimerce is dismissed because this claim is based on matters addressed in express contracts between Sun and Aimerce. *See Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004). Sun does not plausibly allege that the contracts are void because of fraud: she does not allege that they contain anything false, that she didn't have an opportunity to read them, that anyone told her that they say something different than what they actually say, or that she was induced to sign them with false statements. Her statement that she didn't understand the agreements does not suffice as an allegation of fraud, given that she does not say that she was denied the opportunity to read them. *See Rivera v. Uniqlo California, LLC*, 2017 WL 6539016, at *4-7 (C.D. Cal. Sep. 8, 2017); *Haugh v. Barrett Business Services*, 2017 WL 945113, at *1 (E.D. Cal. Mar. 1, 2017) (Chhabria, J.). And her allegation of "misrepresentation of false legal advice" is too vague to satisfy Rule 9(b).

Sun's fraud claims against Wu are also dismissed. Sun's promissory fraud claim fails because the complaint's allegations regarding Wu's alleged false promises do not satisfy Rule 9(b). The complaint alleges only that Wu "promised that both she and Sun would work together until Aimerce completed its B-round investment" and that, from "March through October 2023, Wu promised that Sun and Wu would maintain their more or less equal equity rights as key founders." These allegations do not "state the time, place, and specific content of" the alleged fraudulent promises as required by Rule 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Moreover, in light of the Vesting Agreement's express repurchase provisions, it's not clear that Sun has sufficiently alleged that it was reasonable for her to rely on Wu's promises. *Cf. Rubinstein v. SAP AG*, 2012 WL 726269, at *6 (N.D. Cal. Mar. 1, 2012).

Sun's fraudulent concealment claim is dismissed because Sun has not plausibly alleged that Wu had a duty to tell Sun about the conversations she was having with lawyers. Even assuming that Wu was discussing with lawyers her alleged plan to cheat Sun out of the company, there is no duty to disclose one's intent to commit fraud. *Bank of America Corp. v. Superior Court*, 198 Cal. App. 4th 862, 872 (2011). And Sun identifies no authority indicating that Wu had a duty to disclose to Sun that she was talking to lawyers about her negotiation of Sun's rights and interests in the company—let alone a duty to share with Sun the content of those communications—and it makes no sense that such a duty would exist.

Sun has already been given leave to amend once. The Court cannot conceive of a way Sun could further amend the complaint to state a viable claim, nor does she offer one. Therefore, dismissal is with prejudice, and judgment will be entered for the defendants.

**IT IS SO ORDERED.**

Dated: November 13, 2024

_____
VINCE CHHABRIA
United States District Judge